## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| XIAMEN DALLE NEW ENERGY AUTOMOBILE CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> :     Court No. 25-00205 <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT"), Plaintiff Xiamen Dalle New Energy Automobile Co., Ltd. (hereinafter "Plaintiff" or "Xiamen Dalle"), by and through its attorneys, alleges and states as follows:

## DETERMINATION TO BE REVIEWED

1. Plaintiff contests certain aspects of the U.S. Department of Commerce's ("Commerce") final countervailing duty determination covering Low-Speed Personal Transportation Vehicles from the People's Republic of China ("China"), published in the *Federal Register* on June 23, 2025. *See Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China,* 90 Fed. Reg. 26,536 (Dep't Commerce June 23, 2025) ("*Final Determination*").

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this action is commenced under Sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Tariff Act of 1930 ("the Act"), *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 19 U.S.C. § 1516a(a)(2)(B)(i).

1

3. This Court also has jurisdiction under 28 U.S.C. § 2643(c)(1) to "order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition."

## **TIMELINESS OF ACTION**

4. Commerce published the Countervailing Duty ("CVD") Order resulting from Commerce's *Final Determination* in the *Federal Register* on August 12, 2025. *See Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination of Countervailing Duty Investigation and Countervailing Duty Order*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025). Plaintiff filed the Summons which commenced this action on September 11, 2025, which was within 30 days of the publication of the Order. This action was therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II). This Complaint is being filed on October 14, 2025, which is within thirty days of the filing of the Summons[1] and is thus timely filed in accordance with 28 U.S.C. § 2636(c) and within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and United States Court of International Trade Rule 3(a)(2).

## **STANDING**

5. Plaintiff is a foreign producer and exporter of subject merchandise and is therefore an "interested party" within the meaning of 19 U.S.C. § 1677(9)(A).

6. Plaintiff was a mandatory respondent in the underlying CVD investigation before Commerce that resulted in the contested *Final Determination*, and actively participated in that

---

[1] CIT Rule 6(a)(1)(C) states that the calculation of a 30 day filing period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." CIT Rule 6(a)(6)(A) specifies that Columbus Day, October 13, 2025, is a legal holiday. As the original filing deadline fell on a weekend, and the following Monday was a legal holiday, this submission is timely filed.

proceeding. Therefore, Plaintiff was a "party to the proceeding in connection with which the matter arises" under 19 U.S.C. § 1516a(a)(2)(A) and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## STATEMENT OF FACTS

7. On July 16, 2024, Commerce published notice of the initiation of the CVD investigation on low-speed transportation vehicles from China. *See Certain Low-Speed Transportation Vehicles from the People's Republic of China: Initiation of Countervailing Duty Investigation*, 89 Fed. Reg. 57,870 (Dep't Commerce July 16 2024).

8. On September 5, 2024, Commerce selected Xiamen Dalle as a mandatory respondent in the investigation. *See* Memorandum from Dan Alexander, Int'l Trade Compliance Analyst, to Scot Fullerton, Acting Deputy Ass't Sec'y for Antidumping and Countervailing Duty Operations, regarding: *Countervailing Duty Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China: Respondent Selection* (Sept. 5, 2024).

9. On October 22, 2024, the petitioner in the investigation filed critical circumstances allegations in both the antidumping duty ("AD") and CVD investigations with respect to imports of low-speed transportation vehicles from China. *See* Letter from Robert E. DeFrancesco, III, Wiley Rein LLP, to the U.S. Dep't of Commerce, Re: *Low Speed Personal Transportation Vehicles from the People's Republic of China: Critical Circumstances Allegations* (Oct. 22, 2024).

10. On October 24, 2024, Commerce issued a request to Xiamen Dalle for monthly quantity and value ("Q&V") shipment data, requiring Xiamen Dalle to report monthly Q&V data for subject merchandise shipped to the United States beginning with January 2021 through the last

day of the month of publication of the preliminary determination of the investigation. *See* Letter from Mark Hoadley, Program Manager, AD/CVD Operations Office VII, to Xiamen Dalle New Energy Automobile Co., Ltd., c/o Mark Ludwikowski, Clark Hill PLC, Re: *Countervailing Duty Investigation of Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China: Request for Monthly Quantity and Value Shipment Data* (Oct. 24, 2025) ("Q&V Questionnaire").

11. Xiamen Dalle timely filed Q&V shipment data for January 2021 through September 2024 on November 4, 2024 in accordance with Commerce's instructions. *See* Letter from Mark Ludwikowski, Clark Hill PLC, to the U.S. Dep't of Commerce, Re: *Submission of Monthly Quantity and Value Data* (Nov. 4, 2024).

12. Xiamen Dalle timely filed Q&V shipment data for the month of October 2024 on November 15, 2024. *See* Letter from Mark Ludwikowski, Clark Hill PLC, to the U.S. Dep't of Commerce, Re: *Submission of Monthly Quantity and Value Data* (Nov. 15, 2024).

13. On November 25, 2024, Commerce issued its preliminary determination, making a negative finding of critical circumstances with respect to Xiamen Dalle. *See* Memorandum from Scot Fullerton, Acting Deputy Ass't Sec'y, AD/CVD Operations, to Abdelali Elouaradia, Deputy Ass't Secy, re: *Decision Memorandum for the Preliminary Affirmative Determination of the Countervailing Duty Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China* (Nov. 25, 2024).

14. On December 6, 2024, Commerce's preliminary determination was published in the *Federal Register*. *Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination, Preliminary Affirmative Determination of Critical Circumstances, in Part, and Alignment of Final*

*Determination With Final Antidumping Duty Determination*, 89 Fed. Reg. 96,942 (Dep't Commerce Dec. 6, 2024) ("*Preliminary Determination*").

15. On December 16, 2025, Xiamen Dalle timely filed Q&V shipment data for November 2024. *See* Letter from Mark Ludwikowski, Clark Hill PLC, to the U.S. Dep't of Commerce, Re: *Submission of Monthly Quantity and Value Data* (Dec. 16, 2024).

16. On January 6, 2025, Xiamen Dalle provided December 2024 monthly Q&V data to its prior counsel, which represented it before Commerce in both the AD and CVD investigations. Prior counsel submitted the December data in the AD investigation on January 15, 2025. Counsel did not submit the December 2024 monthly Q&V data in the CVD investigation. Xiamen Dalle was not aware that December 2024 monthly Q&V data that it provided to its prior counsel was not submitted in the CVD investigation.

17. Commerce did not issue notice to Xiamen Dalle of the missed deadline, nor did it issue a supplemental questionnaire seeking the missing data from Xiamen Dalle.

18. On April 2, 2025, Commerce issued the verification agenda for Xiamen Dalle's verification scheduled for April 14, 2025, through April 16, 2025. *See* Letter from Mark Hoadley, Program Manager, AD/CVD Operations, Office VII, to Xiamen Dalle New Energy Automobile Co., Ltd., re: *Verification Agenda for Xiamen Dalle New Energy Automobile Co., Ltd.* (Apr. 2, 2025).

19. On May 9, 2025, Commerce issued a verification report pertaining to Xiamen Dalle. The missing quantity and value data for December 2024 was not discussed in the verification report. *See* Memorandum from Dan Alexander, Int'l Trade Compliance Analyst, Office VII, to the File, re: *Verification of Questionnaire Responses Submitted by Xiamen Dalle New Energy Automobile Co., Ltd.* (May 9, 2025).

20. On June 23, 2025, Commerce published its final determination in the CVD investigation, announcing its affirmative determination of critical circumstances with regard to Xiamen Dalle based on the application of adverse facts available ("AFA") as a result of the missing December 2024 monthly Q&V data. *See Final Determination*, and accompanying Issues & Decision Memorandum (June 16, 2025).

21. On June 23, 2025, Commerce also published its final determination in the AD investigation, announcing a negative determination of critical circumstances with regard to Xiamen Dalle. *See Certain Low Speed Personal Transportation Vehicles From the People's Republic of China: Final Determination of Sales at Less-Than-Fair-Value and Final Affirmative Determination of Critical Circumstances, in Part*, 90 Fed. Reg. 26,530, 26,531 (Dep't Commerce June 23, 2025).

22. In response to Xiamen Dalle's specific questions regarding the final affirmative critical circumstances determination in the CVD investigation, the company's prior counsel cited a reason unrelated to the submission deadline for the December 2024 Q&V data.

23. Xiamen Dalle did not become aware of the potential that it had missed the submission deadline for the December 2024 Q&V data until early August. Xiamen Dalle did not receive an acknowledgement that December 2024 Q&V data was not submitted in the CVD investigation until August 28, 2025.

24. On August 12, 2025, following the affirmative determination of the U.S. International Trade Commission, the CVD order was published in the *Federal Register*. *Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order; Amended Final Determination*

*of Countervailing Duty Investigation and Countervailing Duty Order*, 90 Fed. Reg. 38,759 (Dep't Commerce Aug. 12, 2025).

25. This appeal followed.

## **COUNT I**

26. Paragraphs 1 – 25 are hereby incorporated by reference.

27. This Court shall hold unlawful any determination, finding, or conclusion found to be arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1).

28. Commerce's affirmative critical circumstances determination with regard to Xiamen Dalle based on an adverse inference against the company—despite Xiamen Dalle's consistent record of cooperation with both Commerce's AD and CVD investigations and lack of notice on issues surrounding the December 2024 Q&V data, and despite no discernable impact on Commerce's ability to conduct the CVD investigation in a timely manner—was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence on the record, and not in accordance with law.

## **COUNT II**

29. Paragraphs 1 – 28 are hereby incorporated by reference.

30. This Court shall hold unlawful any determination, finding, or conclusion found to be arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1).

31. This Court has jurisdiction to "order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition." 28 U.S.C. § 2643(c)(1).

32. Evidence discovered recently, *i.e.,* long after the publication of Commerce's *Final Determination*, indicates that Xiamen Dalle was deprived of basic notice and fair and just treatment in the course of the CVD investigation, which significantly impeded its efforts to provide all information requested by Commerce. The *Final Determination* must be remanded to Commerce for reconsideration in light of this newly discovered evidence of fundamental unfairness worked against Xiamen Dalle relating to material information requested by Commerce. *See Home Prods. Int'l, Inc. v. United States*, 633 F.3d 1369, 1376 (Fed. Cir. 2011).

### REQUEST FOR JUDGMENT AND RELIEF

27. WHEREFORE, Xiamen Dalle respectfully requests that this Court enter judgment on its claims in Counts I and II and:

    a. hold that Commerce's *Final Determination* was arbitrary and capricious, unsupported by substantial evidence, and contrary to law;

    b. remand the *Final Determination* to Commerce to re-open the record and for a redetermination consistent with the judgment and findings of this Court; and

    c. provide such other relief in law and equity as this Court may deem just and proper.

Respectfully submitted,

/s/ Jing Zhang

Jing Zhang
Ryan R. Migeed
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3235

Dated: October 14, 2025

*Counsel to Xiamen Dalle New Energy Automobile Co., Ltd*

## NOTICE TO INTERESTED PARTIES

Pursuant to Rule 3(f) of the Rules of the U.S. Court of International Trade, I, Steven Elliott, Mayer Brown LLP, hereby certify that on October 14, 2025, copies of the foregoing Complaint were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested unless otherwise indicated:

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Ave., NW Room 1874
Washington, DC 20230

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW Washington, DC 20530

Xiaohua Hou
Commerce & Finance Law Offices
12-14th Floor, China World Office 2, No. 1
Jianguomenwai Avenue, Beijing 100004, China
Phone: 861065637181
Email: xiaohuahou@tongshang.com
**(via email)**

David Robinson
Maynard Nexsen PC
4141 Parklake Avenue Suite 200
Raleigh, NC 27612 USA
Phone: 9197551800
Email: drobinson@maynardnexsen.com

Rosa S. Jeong
Greenberg Traurig, LLP
2101 L Street NW Suite 1000
Washington DC 20037
Phone: 2023313100
Email: jeongr@gtlaw.com

Gregory Menegaz
The Inter-Global Trade Law Group PLLC
1156 15th Street, NW Suite 1101
Washington, DC 20005
Phone: 202-868-0300
Email: gmenegaz@igtlaw.com

Yangfan Xie
Embassy of the Peoples Republic of China
Economic and Commercial Office
2133 Wisconsin Ave, NW
Washington, DC 20007
Phone: 202-625-3448
Email: myjjjcky@mofcom.gov.cn

David Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
Phone: 7737098506
Email: david.craven@tradelaw.com

Adams Lee
Harris Sliwoski LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: 2062245657
Email: adams@harris-sliwoski.com

Mark Ludwikowski
Clark Hill PLC
1001 Pennsylvania Ave., NW Suite 1300
South Washington, DC 20004
Phone: 2027720909
Email: mludwikowski@clarkhill.com

Kristin H. Mowry
Mowry & Grimson PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
Phone: 202-688-3610
Email: khm@mowrygrimson.com

Andrew T. Schutz
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP
1201 New York Ave., NW Suite 650
Washington, DC 20005
Phone: 202-783-6881
Email: aschutz@gdlsk.com

David M Morrell
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Phone: 2028793939
Email: dmorrell@jonesday.com

Hui Cao
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Phone: 2024291306
Email: hecao@steptoe.com

Irene H Chen
VCL Law LLP
1945 Old Gallows Road Ste 260
Vienna, VA 22182
Phone: 3017607393
Email: ichen@vcllegal.com

Robert E DeFrancesco III
Wiley Rein LLP
2050 M Street, NW
Washington, DC 20036
Phone: 202-719-7000
Email: rdefrancesco@wiley.law

Matthew P. McCullough
Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006
 Phone: 202-452-7373
Email: mmccullough@curtis.com