## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| XIAMEN DALLE NEW ENERGY AUTOMOBILE CO., LTD., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Court No. 25-00205 |
| UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION, ) ) ) | |
| Defendant-Intervenor. ) | |

## ORDER

Upon consideration of defendant's motion for voluntary remand, it is hereby

**ORDERED** that defendant's motion is granted, and it is further

**ORDERED** that the case is remanded to the Department of Commerce for further

administrative proceedings, and it is further

**ORDERED** that Commerce shall file its remand redetermination within 100 days of the

Court's order, with the remaining remand deadlines to be governed by USCIT Rule 56.2(h).


Dated: _____, 2026         _____

        New York, New York                        JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| XIAMEN DALLE NEW ENERGY AUTOMOBILE CO., LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>AMERICAN PERSONAL TRANSPORTATION VEHICLE MANUFACTURERS COALITION, )<br><br>Defendant-Intervenor. ) | Court No. 25-00205 |

**UNOPPOSED MOTION FOR VOLUNTARY REMAND AND
REQUEST TO HOLD BRIEFING DEADLINE IN ABEYANCE**

Pursuant to Rule 7(b) of the Rules of this Court, defendant, the United States, respectfully requests that the Court remand this matter to the United States Department of Commerce (Commerce) in order to give Commerce the opportunity to reconsider—without confessing error—its application of facts available with an adverse inference (AFA) to plaintiff Xiamen Dalle New Energy Automobile Co., Ltd. (Xiamen Dalle) regarding the determination of whether critical circumstances exist.  Defendant also requests that the Court hold in abeyance the current June 10, 2026 deadline for defendant to respond to Xiamen Dalle's motion for judgment on the agency record pending its ruling on the motion for voluntary remand, and—if the Court denies the motion for voluntary remand—allow defendant to file its response brief within 14 days of the Court's order.  Counsel for plaintiff Xiamen Dalle has represented that "Xiamen Dalle consents to the motion for voluntary remand for Commerce to reconsider its application of AFA to

Xiamen Dalle regarding critical circumstances, provided the scope of the remand is limited to issues raised in Xiamen Dalle's Summons and Complaint. Xiamen Dalle opposes any expansion of the scope of the remand to cover claims not related to Xiamen Dalle's timely filed Summons and Complaint. Xiamen Dalle consents to the request that the Court stay or hold in abeyance the deadline for the Government's response brief pending the Court's decision on the motion for voluntary remand." Counsel for defendant-intervenor the American Personal Transportation Vehicle Manufacturers Coalition (Coalition) has represented that "the Coalition takes no position on the motion for voluntary remand but reserves the right to raise any argument it deems relevant in its comments on Commerce's draft remand redetermination. The Coalition consents to the request to hold the briefing deadline in abeyance pending the Court's ruling."

In the underlying proceeding, Commerce—following an allegation of critical circumstances from the Coalition—issued a request for respondent Xiamen Dalle to submit monthly quantity and value shipment data from January 2021 through the last day of the month of the publication of the preliminary determination—December 2024. IDM at 7-8. Xiamen Dalle timely submitted data for January 2021 through September 2024, then separately submitted data for October 2024 and November 2024. *See* Xiamen Dalle Br. at 5 (ECF No. 33). Xiamen Dalle, however, failed to submit data for December 2024. IDM at 8. Due to the missing December 2024 data, Commerce found it was unable to analyze whether critical circumstances existed for Xiamen Dalle and applied AFA to Xiamen Dalle. IDM at 8, 32. As AFA, Commerce determined that critical circumstances existed for Xiamen Dalle. *Id.* Xiamen Dalle filed a complaint in this Court challenging Commerce's application of AFA regarding critical circumstances. *See generally* Compl. (ECF No. 10). Xiamen Dalle alleged that Commerce's application of AFA was inappropriate because Xiamen Dalle's former counsel engaged in

3

misconduct that should not be attributed to the company, Commerce did not comply with 19 U.S.C. § 1677m(d) by notifying Xiamen Dalle about the missing December 2024 data, Commerce did not find that Xiamen Dalle had failed to cooperate to the best of its ability under 19 U.S.C. § 1677e(b)(1) before applying AFA, and the application of AFA was punitive under the circumstances. *See generally* Xiamen Dalle Br.

Without confessing error, we respectfully request that the Court remand to Commerce so Commerce can reconsider its application of AFA. There are three primary scenarios in which an agency may seek a voluntary remand, including: (1) to reconsider its decision because of intervening events outside of the agency's control, (2) to reconsider its previous position without confessing error, and (3) to change a decision it believes was incorrect. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001). A voluntary remand is generally appropriate if the agency's concern is substantial and legitimate. *Id*. at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010). "{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.*

Here, Commerce's concerns are "substantial and legitimate." *SKF*, 254 F.3d at 1029. In the final determination, Commerce applied AFA to Xiamen Dalle regarding critical circumstances. Commerce's determination was based on Xiamen Dalle's failure to respond to

4

Commerce's request and submit quantity and value data for December 2024—the month of the publication of the preliminary determination and the final month for which Xiamen Dalle was required to submit data.  However, because the application of AFA was based on a failure to provide information *after* the date of the preliminary determination, interested parties did not make arguments regarding the application of AFA in their case briefs; as such, in its final determination, Commerce did not discuss whether 19 U.S.C. § 1677m(d) required Commerce to notify Xiamen Dalle of its failure to submit the data for December 2024.  In addition, while Commerce found that application of AFA was warranted with regard to critical circumstances due to the failure to submit the December 2024 data, and cited 19 U.S.C. § 1677e(b), it did not explicitly find that Xiamen Dalle had failed to cooperate to the best of its ability.  The Court should thus remand this matter so that Commerce may address these issues and further reexamine the propriety of its application of AFA

Accordingly, defendant respectfully requests a voluntary remand for Commerce to reconsider its application of AFA to Xiamen Dalle regarding critical circumstances, with Commerce to issue its remand redetermination within 100 days of the Court's order.  Defendant also requests that the Court hold in abeyance the current June 10, 2026 deadline for defendant to respond to Xiamen Dalle's motion for judgment on the agency record pending its ruling on the motion for voluntary remand, and—if the Court denies the motion for voluntary remand—allow defendant to file its response brief within 14 days of the Court's order.

Dated: June 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

GEOFFREY M. LONG
Assistant Director

OF COUNSEL:

ELLIOTT BREWER
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

/s/Sosun Bae
SOSUN BAE
Senior Trial Counsel
U.S. Department of Justice
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 305-7568
Email: sosun.bae@usdoj.gov

6